IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAY ARTHUR KELLY,

     Plaintiff,

v.                                    CASE NO. 4:13-cv-40-MW-GRJ

FLORIDA PAROLE COMMISSION, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

     Plaintiff, an inmate presently confined in the Pinellas County Jail, initiated this case by filing a complaint pursuant to 42 U.S.C § 1983, Doc. 1. This case is before the Court for screening pursuant to 28 U.S.C § 1915A, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2). Here, it is clear from the allegations of the Complaint that it is due to be dismissed for failure to state a claim upon which relief may be granted.

## Plaintiff's Allegations

     Plaintiff attempts to bring claims under 42 U.S.C. § 1983 against the Florida Parole Commission, as well as Tina Pate and Bernard Cohen, employees of the Parole Commission. Plaintiff claims that in August 1997, he was "wrongfully placed" on conditional release. (Doc. 1, at 9.) He claims that he has been arrested eight times for

violating his conditional release, and that these arrests were in turn "wrongful" because

he should have never been placed on conditional release in the first place.  As a result

of these arrests, Plaintiff says that he has spent 62 ½ months in jail—again,

"wrongfully."  As relief, Plaintiff requests that he be released from jail, and requests

$500.00 per day of his incarceration and $5000.00 for each of his eight arrests.  (Doc.

1, at 13.)

## Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any

portion thereof, that may have been paid, the court shall dismiss the case at any time if

the court determines that . . . the action . . . fails to state a claim upon which relief may

be granted."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an

act or omission committed by a person acting under color of state law deprived him of a

right, privilege, or immunity secured by the Constitution or laws of the United States.

*Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot

satisfy these requirements, or fails to provide factual allegations in support of the

claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a

right to relief above the speculative level," and complaint "must contain something more

. . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53

(2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory

allegations that "amount to nothing more than a formulaic recitation of the elements of a

constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal,

complaint must allege facts sufficient to move claims "across the line from conceivable

to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license .

. . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an

action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th

Cir.1998) (*overruled on other grounds* by *Iqbal).*

## Discussion

Plaintiff claims that his imprisonment for violation of his conditional release is

improper because he should have never been placed on conditional release in 1997.

Plaintiff's civil rights claims under 42 U.S.C. § 1983 are *Heck*-barred.  In *Heck v.*

*Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983 plaintiff must
> prove that the conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into question by a
> federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A
> claim for damages bearing that relationship to a conviction or sentence
> that has not been so invalidated is not cognizable under § 1983. Thus,
> when a state prisoner seeks damages in a § 1983 suit, the district court
> must consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or sentence; if it would,
> the complaint must be dismissed unless the plaintiff can demonstrate that
> the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted).

Here, Plaintiff plainly asserts that his conviction for violation of conditional

release was invalid, and requests damages as a result of that conviction.   Absent

expungement or invalidation of that conviction, Plaintiff's claims are barred by *Heck*.

Plaintiff has indicated in his Complaint that he has <u>not</u> pursued any state court

remedies and does not allege that his conviction or sentence has been reversed,

declared invalid, or called into question by a federal habeas court.  (Doc. 1.)

Accordingly, because Plaintiff is implying the invalidity of his conviction in the absence

of expungement or invalidation of that conviction, his claims are barred by *Heck*.

Notwithstanding the *Heck* issue, it also appears that Plaintiff has failed to exhaust any

state court remedies.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff

may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to

amend "should be freely given."  *See* Fed.R.Civ.P. 15(a).   Under *Foman*, however, a

district court may properly deny leave to amend the complaint when such amendment

would be futile.  *Foman*, 371 U.S. at 182.  In this case, it is clear that the facts and

circumstances relied upon by Plaintiff are not a proper subject for relief under 42 U.S.C

§ 1983, and amendment would be futile.  Plaintiff's motion to amend, Doc. 7, repeats

the claims raised in the original complaint and does not address the *Heck* issues

discussed above.

The Court notes that while Plaintiff may file his claim as a habeas petition under

28 U.S.C. § 2254, it appears that a habeas petition alleging these facts may be barred

as well.  As an initial matter, Plaintiff claims that he was placed on conditional release in

1997—almost sixteen years ago.  He claims that he discovered that he should not have

been placed on conditional release in July 2012, when a prison employee told him to

write to the Florida Parole Commission about the matter. Plaintiff provides no

information as to why he never examined the nature and propriety of his conditional

release status for the fifteen years preceding this conversation, particularly given the

fact that he claims to have been arrested for violating the conditions of his release on

eight separate occasions. Furthermore, Plaintiff has, by his own admission, failed to

raise these claims in Florida state habeas proceedings, and has therefore failed to meet

the requirement that claims presented in a federal habeas petition first must be

exhausted in the state courts. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S.

838, 845 (1999).

Accordingly, it is respectfully **RECOMMENDED:**

(1)     That Plaintiff's motion for leave to proceed as a pauper, Doc. 6, be

**GRANTED** for the limited purpose of screening this case.

(2)     That Plaintiff's motion to amend, Doc. 7, be **DENIED**.

(2)     That this case be dismissed  pursuant to 28 U.S.C. § 1915A because

Plaintiff has failed to state a claim upon which relief can be granted.

**IN CHAMBERS**, at Gainesville, Florida, this 2ⁿᵈ  day of April 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

        **A party may file specific, written objections to the proposed findings and
recommendations within 14 days after being served with a copy of this report and
recommendation.  A party may respond to another party's objections within 14 days after being
served with a copy thereof.  Failure to file specific objections limits the scope of review of
proposed factual findings and recommendations.**